UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO CHAMIZO GARCIA, Individually and as Representative of the Estate of ALEJANDRO CHAMIZO MIRET, | )( )( )( )( )( | |
| Plaintiff, | )( )( | |
| v. | )( )( | NO. |
| UNITED STATES OF AMERICA, | )( )( | |
| Defendant. | )( | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Alejandro Chamizo Garcia, Individually and as Representative of the Estate of Alejandro Chamizo Miret, files this Complaint against Defendant United States of America and would respectfully show the Court as follows:

## I. INTRODUCTION

1. This is a wrongful death action arising from the preventable death of Alejandro Chamizo Miret ("Decedent"), a federal pretrial detainee held at the Federal Detention Center in Houston, Texas ("FDC Houston").

2. Decedent suffered from a serious medical condition that required urgent hospital evaluation and treatment.

3. Despite repeated complaints of illness and visible medical deterioration, personnel at FDC Houston failed to provide necessary medical care.

4. On June 11, 2025, Decedent appeared before United States Magistrate Judge Christina Bryan. During that proceeding, Decedent's physical condition was apparent and of sufficient

concern that hospital evaluation was discussed and/or reasonably indicated.

5.     Despite the seriousness of Decedent's condition, he was not transported to a hospital on June 11, 2025.

6.     Decedent was not transported to the hospital until June 13, 2025.

7.     On June 16, 2025, Decedent died from complications of his untreated illness.

8.     The delay in medical care more likely than not materially contributed to Decedent's deterioration and death.

9.     This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for negligence, wrongful death, and survival damages under Texas law.

## II. JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), which grants federal district courts exclusive jurisdiction over civil actions against the United States for injury or death caused by the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

11.    The United States is liable under the Federal Tort Claims Act to the same extent as a private person under the laws of the State of Texas.

12.    Plaintiff timely submitted an administrative tort claim to the Federal Bureau of Prisons pursuant to 28 U.S.C. § 2675(a) on or about August 1, 2025.

13.    Plaintiff has therefore satisfied the administrative exhaustion requirements of 28 U.S.C. § 2675(a).

14.    More than six months have elapsed without final disposition of the claim.

15.    All conditions precedent to filing suit have been satisfied.

16. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1402(b) and § 1391(b) because the acts and omissions giving rise to this action occurred in Houston, Texas, within this District.

### III. PARTIES

17. Plaintiff Alejandro Chamizo Garcia is the father of Decedent and brings this action individually, as representative of the Estate of Alejandro Chamizo Miret, on behalf of statutory beneficiaries under Tex. Civ. Prac. & Rem. Code §71.002, and pursuant to Tex. Civ. Prac. & Rem. Code §71.021 for survival claims.

18. Decedent Alejandro Chamizo Miret was in federal custody at FDC Houston at all relevant times.

19. Defendant United States of America is responsible under the Federal Tort Claims Act for the negligent acts and omissions of its employees acting within the course and scope of their employment.

20. At all relevant times, employees of the Federal Bureau of Prisons, including correctional officers, medical personnel, supervisory officials, and transport staff, were acting within the course and scope of their federal employment.

### IV. FACTUAL BACKGROUND

#### A. Arrest and Initial Detention

21. On or about June 4, 2025, Decedent was arrested and detained at FDC Houston.

22. Within days of his detention, Decedent began experiencing significant medical symptoms, including weakness, physical distress, and worsening illness.

23. Decedent communicated to detention personnel and others that he was not feeling well and required medical attention.

24.    Despite his complaints and visible deterioration, he was not transported to an outside hospital for evaluation.

## B. Medical Deterioration and Failure to Provide Care

25.    Between June 6 and June 10, 2025, Decedent's condition continued to worsen.

26.    He exhibited signs consistent with serious medical distress requiring hospital-level care.

27.    Personnel at FDC Houston failed to provide adequate diagnostic evaluation, failed to escalate his care, and failed to arrange outside medical treatment.

28.    At all relevant times, the United States owed Decedent a duty to provide reasonable medical care and to protect him from foreseeable harm while in federal custody.

## C. June 10, 2025 Hearing

29.    On June 10, 2025, Decedent was scheduled to appear for a court hearing.

30.    The hearing did not proceed as scheduled due to Decedent's visible illness and inability to participate.

31.    His physical condition was apparent and observable.

## D. June 11, 2025 Court Proceeding

32.    On June 11, 2025, Decedent appeared before United States Magistrate Judge Christina Bryan.

33.    Decedent's medical condition was visibly serious and reasonably required prompt medical evaluation.

34.    Despite these circumstances, Decedent was not transported to a hospital on June 11 or June 12.

### E. Delay in Transport

35.    On June 11 and June 12, 2025, Decedent remained at FDC Houston without hospital-level care.

36.    His condition continued to deteriorate.

37.    The two-day delay in outside medical treatment substantially increased the risk of serious complications and death.

### F. Hospitalization and Death

38.    On June 13, 2025, Decedent was transported to a hospital in grave condition.

39.    Upon arrival, he required intensive care.

40.    Despite medical intervention, Decedent died on June 16, 2025.

41.    The cause of death was consistent with complications arising from an untreated or inadequately treated medical condition, the delay in treatment materially contributing to Decedent's death.

42.    The delay in medical care was a proximate cause of Decedent's death.

## V. NEGLIGENCE (FTCA)

43.    Plaintiff incorporates paragraphs 1–42.

44.    Under Texas law, custodial authorities owe detainees a duty of reasonable care, including adequate medical care.

45.    The United States, through its employees, breached its duty of care by:
   a)  Failing to timely evaluate Decedent's serious medical condition;

   b)  Failing to transport Decedent for necessary hospital care;

   c)  Failing to provide reasonable and timely medical intervention;

   d)  Delaying necessary care despite obvious signs of serious illness.

46.     These acts and omissions were operational failures in the provision of medical care and supervision and did not involve protected discretionary policy judgments.

47.     The negligence of the United States was a proximate cause of Decedent's death.

48.     These failures involved the negligent implementation of medical care and custodial duties owed to Decedent and did not involve protected policy decisions.

## VI. WRONGFUL DEATH (TEX. CIV. PRAC. & REM. CODE § 71.002)

49.     Plaintiff incorporates paragraphs 1–48.

50.     As a direct result of Defendant's negligence, Decedent died.

51.     Plaintiff has suffered pecuniary losses, loss of companionship and society, and mental anguish.

## VII. SURVIVAL CLAIM (TEX. CIV. PRAC. & REM. CODE § 71.021)

52.     Plaintiff incorporates paragraphs 1–51.

53.     Decedent experienced conscious pain and suffering between the onset of his medical deterioration and his death.

54.     The Estate is entitled to recover damages for Decedent's physical pain, mental anguish, and medical expenses prior to death.

## VIII. DAMAGES

55.     Plaintiff seeks all damages recoverable under Texas law and the Federal Tort Claims Act, including but not limited to:

    a)  Medical expenses;

    b)  Funeral and burial expenses;

    c)  Loss of financial support;

    d)  Loss of companionship and society;

     e)  Mental anguish;

     f)  Pre-death pain and suffering;

     g)  Pre-judgment and post-judgment interest as allowed by law; and

     h)  Costs of court.

56.    Plaintiff does not seek damages in excess of the amount presented in the administrative claim pursuant to 28 U.S.C. § 2675(b).

## IX. PRAYER

57.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant United States of America be cited to appear and answer, and that upon final trial Plaintiff recover judgment against Defendant for:

- Compensatory damages;

- All allowable wrongful death and survival damages;

- Interest;

- Costs of court;

- Such other and further relief to which Plaintiff may be justly entitled.

Plaintiff prays for general relief.

Respectfully submitted,


By:  /s/ Damian Rasmussen
     **DAMIAN RASMUSSEN**
     State Bar No.   24110952
     4621 Pershing Drive
     El Paso, Texas   79903
     Tel.:   (915) 566-8688
     Damian@damianrasmussenlaw.com

     ***ATTORNEY FOR PLAINTIFF***